# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------------ x

MILK & HONEY DISTILLERY LTD.,

                Plaintiff,

    -against-

M&H SPIRITS, LLC,

                Defendant.

------------------------------------------------------------------ x

Civil Action No. **2:22-cv-397**

**<u>COMPLAINT</u>**

**JURY TRIAL DEMANDED**

Plaintiff Milk & Honey Distillery Ltd. ("Plaintiff"), by and through its undersigned attorneys, as and for its declaratory judgment Complaint against Defendant M&H Spirits ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States (Lanham Act of 1946), 15 U.S.C. § 1051 *et seq.*, as well as corresponding state law.

2.    Plaintiff seeks a declaration that Plaintiff's use of its marks M&H, M&H WHISKEY DISTILLERY and MILK & HONEY DISTILLERY in connection with whiskey and gin has not and does not infringe, violate, or impinge upon in any manner Defendant's claimed rights in its marks M&H and MILK & HONEY for cream liqueur. In light of all marketplace conditions, including the vast and obvious dissimilarities between the parties' respective trade dress, as shown below, no reasonable consumer will mistakenly believe that Plaintiff's spirits originate from the same source as or has any affiliation with Defendant's cream liqueur.

00001/348/4031870

| Plaintiff's Whiskey | Defendant's Cream Liqueur |
|:---:|:---:|

 

3.     Plaintiff also seeks cancellation of Defendant's registrations for its MILK & HONEY marks on the grounds that such marks are merely descriptive of its cream liqueur and have not acquired distinctiveness through secondary meaning; and, in the alternative for Defendant's MILK & HONEY marks and in the first instance for Defendant's M&H mark, Plaintiff seeks partial cancellation of Defendant's registrations on the ground that Plaintiff's marks have only been used for cream liqueur sold in Massachusetts, Wisconsin, and New Hampshire.

## THE PARTIES

4.     Plaintiff is a limited company organized and existing under the laws of Israel with an address at 16 Hatchiya Street, Tel Aviv, 6423201, Israel.

5.     Upon information and belief, Defendant is a limited liability company organized and existing under the laws of Wisconsin with a principal place of business at 3260 North 53rd

Street, Milwaukee, Wisconsin 53216 and a registered agent c/o Justin Lubin, 1961 West Windsor

Circle, Glendale, Wisconsin 53209.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights

of any party seeking such declaration, under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338

over Plaintiff's claims arising under the Lanham Act and under 28 U.S.C. § 1367 over Plaintiff's

claims arising under state law.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

**Plaintiff and its Marks**

8.      Plaintiff owns and operates Israel's first whiskey distillery.

9.      Plaintiff distills in Israel and sells in Israel and other countries, including the United

States, whisky and gin ("Plaintiff's Spirits") under the names and marks M&H, M&H WHISKEY



DISTILLERY, MILK & HONEY DISTILLERY, and ("Plaintiff's

Marks").

10.     Plaintiff promotes Plaintiff's Spirits under Plaintiff's Marks *inter alia* via the

website located at www.mh-distillery.com, including as shown in **Exhibit A** hereto.

11.     Plaintiff's Spirits under Plaintiff's Marks almost always are sold in bottles and/or

boxes identical or nearly identical to those shown below:








00001/348/4031870









  

  

00001/348/4031870



("Plaintiff's Trade Dress").

12.     Plaintiff's Trade Dress for all of Plaintiff's Spirits includes: (a) a glass bottle with a wide squarish body with high distinctive shoulders; (b) a label that does not cover the entire bottle such that a significant portions of the alcohol therein is visible through the glass bottle; and



(c) the prominent use of a striped bull logo (in black and yellow, grey and yellow or grey and black) (the "Striped Bull Logo").

13.     Plaintiff's Trade Dress for its Classic, Elements and Apex whiskies also includes: (a) the prominent use of the word CLASSIC, APEX or ELEMENTS in all caps with the term "single malt whisky" presented in italics thereunder; (b) a bottle that is indented in the shape of a large trapezium with the embossed mark "M&H" in a circle right below the neck; (c) a label that also is shaped like a trapezium that sits inside the indentation of the bottle and is presented in one or more colors (the labels on the Apex whiskies have a split label with the bottom label in a color)

-7-

and has multi-lined banner across the top; (d) a bottle that expands slightly to a block at the base; (e) often a box for the bottle, which box also prominently displays the Striped Bull Logo and contains one or more diagonal banners.

14. Plaintiff's Trade Dress for its Young Single Malt (Last One) and Whiskey in Bloom whiskies also includes: (a) the Striped Bull Logo in a tear ribbon in the upper left of the label; (b) a square label in one or more colors; (c) a label that prominently features multi-colored diagonal banners; (d) prominent use of the terms YOUNG SINLGE MALT, WHISKEY IN BLOOM, and/or THE LAST ONE; and (e) images of the striped bull on the seal around the bottle neck.

15. Plaintiff's Trade Dress for its Levantine Gin also includes: (a) the Striped Bull Logo in a tear ribbon in the upper left-hand corner of the label; (b) a square label in one or more colors; (c) prominent use of the terms GIN and LEVANTINE; and (e) images of the striped bull on the seal around the bottle neck.

16. Plaintiff's Spirits under Plaintiff's Marks typically retail for approximately $50 to $150 per 750 ml bottle.

17. Plaintiff's Spirits under Plaintiff's Marks always contain at least 46% alcohol by volume.

18. Plaintiff is the owner of the following U.S. trademark applications:



(a) App. Serial No. 79283289 for the mark **M&H WHISKY DISTILLERY** for "Alcoholic beverages, namely, distilled spirits, whisky, and whisky-based beverages, none of the aforesaid products containing or mixed with energy drinks or

00001/348/4031870

formulated caffeinated drinks; none of the aforesaid products containing or mixed with energy drinks or formulated caffeinated drinks" in International Class 33, filed under Lanham Act Section 66(a), with a filing date of December 23, 2019 and a priority date of July 9, 2019 (the "289 Application");

(b)     App. Serial No. 79283305 for the word mark M&H WHISKY DISTILLERY for "Alcoholic beverages, namely, distilled spirits, whisky, and whisky-based beverages" in International Class 33, filed under Lanham Act Section 66(a), with a filing date of December 23, 2019 and a priority date of July 9, 2019 (the "305 Application"); and

(c)     App. Serial No. 79283267 for the word mark MILK & HONEY DISTILLERY for "Alcoholic beverages, namely, distilled spirits, whisky, and whisky-based beverages" in International Class 33, filed under Lanham Act Section 66(a), with a filing date of December 23, 2019 and a priority date of July 9, 2019 (the "267 Application," and with the 289 Application and the 305 Application, "Plaintiff's Applications").

**Defendant and its Marks**

19.     Upon information and belief, Defendant manufactures and sells cream liqueur ("Defendant's Cream Liqueur") under the names and marks MILK & HONEY, M&H, M&H



Spirits and ("Defendant's Marks").

20.     Upon information and belief, Defendant promotes Defendant's Cream Liqueur under Defendant's Marks *inter alia* via the website located at www.realmilkandhoney.com ("Defendant's Website"), including as shown in **Exhibit B** hereto.

21.     Upon information and belief, Defendant's Cream Liqueur under Defendant's Marks is sold in liquor stores only in Wisconsin, New Hampshire and Massachusetts.

22.     Upon information and belief, Defendant's Cream Liqueur is sold only in the bottle shown below:



("Defendant's Trade Dress").

23.     Defendant's Trade Dress contains at least: (a) a bottle in a shape known as a "Burgundy" wine bottle with a cylindrical shape with no indentations or embossing, with graceful, light sloping shoulders beginning approximately halfway up the bottle, and a prominent neck that accounts for approximately 1/3 of the bottle; (b) a label that covers the entire bottle; (c) a label

-10-

with a background that is nearly all white but changes to black near the beginning of the neck of the bottle with a black tear drop shape seeming to fall from the center of the bottle at the neck; (d) the mark MILK & HONEY presented in black in a thick all caps font centered on the vertical axis of the bottle, with the word MILK above the word HONEY and the & between MILK and HONEY with horizontal lines stemming from each side of the & reaching until approximately the ends of the word MILK; (e) a large fan-shaped palm frond with dates at the center bottom of the frond, all in black and appearing directly above the words MILK & HONEY; (f) the phrase "DIVINE ORIGINAL" in black in all caps in a font smaller than that of "MILK & HONEY" but framed on the top and bottom by horizontal lines and on the sides by stars or plus symbols; and (g) the term "CREAM LIQUEUR" in black plain non-italicized font below the seal.

24.     Upon information and belief, Defendant's Cream Liqueur under Defendant's Marks typically retails for approximately $25 to $35 per 750 ml bottle.

25.     Upon information and belief, Defendant's Cream Liqueur under Defendant's Marks typically contains approximately 12.5% alcohol by volume.

26.     Upon information and belief, Defendant is the owner of record of the following U.S. trademark registrations:

> (a)     Reg. No. 5200413 for the word mark MILK & HONEY for "Liquor and liqueur beverages, namely, distilled spirits, liqueurs, and prepared alcoholic drinks" in International Class 33, with a registration date of May 9, 2017 and a claimed date of first use of March 22, 2017 (the "413 Registration"), which it has recorded with U.S. Customs & Border Protection ("CBP") under Trademark Customs Recordation No. TMK 17-00817;

00001/348/4031870

(b)    Reg. No. 6182398 for the stylized mark  for "Liquor and liqueur beverages, namely, distilled spirits, liqueurs, and prepared alcoholic drinks" in International Class 33, with a registration date of October 27, 2020 and a claimed date of first use of March 22, 2017 (the "398 Registration"); and

(c)    Reg. No. 5229644 for the word mark M&H for "Liquor and liqueur beverages, namely, distilled spirits, liqueurs, and prepared alcoholic drinks" in International Class 33, with a registration date of June 20, 2017 and a claimed date of first use of March 22, 2017 (the "644 Registration," and with the 413 Registration and the 398 Registration, "Defendant's Registrations"), which it has recorded with CBP under Trademark Customs Recordation No. TMK 21-00163.

**The Descriptive Nature of Defendant's Marks**

27.    Upon information and belief, Defendant's marks MILK & HONEY and

 ("Defendant's MILK & HONEY Marks") are merely descriptive and have not acquired distinctiveness through secondary meaning.

28.    Upon information and belief, Defendant's MILK & HONEY Marks describe the ingredients, characteristics, quality, function, purpose and/or use of Defendant's Cream Liqueur.

00001/348/4031870

29.     Upon information and belief, the ingredients in Defendant's Cream Liqueur are light cream, neutral grain spirits and date honey.  Upon information and belief, cream is a type of milk product or a product derived from milk; specifically, cream is the fatty part of non-homogenized (or raw) milk that floats to the top and is then skimmed and extracted for use. Because Defendant's MILK & HONEY Marks immediately describe two of the three ingredients of Defendant's Cream Liqueur, the marks are merely descriptive.

30.     Upon information and belief, "Milk & Honey" (or "Milk and Honey") is the name of a type of cocktail not unique to any one source that is made with milk and/or cream, spirits and a sweetener, such as honey, which are the precise ingredients in Defendant's Liqueur, further showing that Defendant's MILK & HONEY Marks are merely descriptive.

31.     Upon information and belief, the addition of the large fan-shaped palm frond with



dates at the center bottom of the frond in Plaintiff's mark is a literal representation of the dates from which the honey in Defendant's Cream Liqueur is extracted and thus is descriptive itself and does not make the overall mark any less descriptive.

32.     Upon information and belief, Defendant is aware that Defendant's MILK & HONEY Marks are merely descriptive and therefore Defendant itself advertises Defendant's Cream Liqueur as "THE *REAL* MILK & HONEY" on Defendant's Website:



-13-

33.     Upon information and belief, Defendant's MILK & HONEY Marks have not acquired distinctiveness through secondary meaning, including because Defendant's sales, advertising, marketing, and promotion of Defendant's Cream Liqueur under Defendant's MILK & HONEY Marks all have been minimal in scope and time and because Defendant's MILK & HONEY Marks have received very little unsolicited attention in the media.

**Plaintiff's Pending Applications for Plaintiff's Marks**

34.     As noted above, Plaintiff has filed three trademark applications with the United States Patent and Trademark Office ("USPTO") seeking to register Plaintiff's Marks. The USPTO has refused to register to all three of Plaintiff's Applications based on Defendant's Registrations. Specifically, the USPTO has refused to register:



(a)     Plaintiff's 289 Application for the mark  under Lanham Act Section 2(d), 15 U.S.C. § 1052(d), based on a purported likelihood of confusion with Defendant's 644 Registration for the mark M&H;

(b)     Plaintiff's 305 Application for the mark M&H WHISKY DISTILLERY under Lanham Act Section 2(d), 15 U.S.C. § 1052(d), based on a purported likelihood of confusion with Defendant's 644 Registration for the mark M&H; and

(c)     Plaintiff's 267 Application for the mark MILK & HONEY DISTILLERY under Lanham Act Section 2(d), 15 U.S.C. § 1052(d), based on a purported likelihood of confusion with Defendant's 413 Registration for the mark

MILK & HONEY and Defendant's 398 Registration for the mark



35.     Plaintiff has appealed to the Trademark Trial and Appeal Board ("TTAB") the USPTO's refusals to register all three of Plaintiff's Applications, which appeals are pending.

36.     Concurrent with filing this Complaint, Plaintiff intends to request the TTAB suspend all three appeals pending a final determination of this civil litigation.

**Defendant's Cease-and-Desist Demands to Plaintiff**

37.     Defendant has made demands to Plaintiff, objecting to Plaintiff's use and registration of Plaintiff's Mark in connection with Plaintiff's Spirits and threatening to take legal action against Plaintiff and Plaintiff's Marks.

38.     On July 28, 2020, counsel for Defendant sent to Plaintiff a letter, claiming Defendant had prior nationwide registered and common law trademark rights in Defendant's Marks, citing two of Defendant's Registrations, objecting to Plaintiff's use of Plaintiff's Mark for Plaintiff's Spirits in the United States, asserting that Plaintiff's use of Plaintiff's Marks for Plaintiff's Spirits in the United States was likely to cause consumer confusion with Defendant's Marks, citing the USPTO's initial rejection of Plaintiff's Applications in light of Defendant's Registrations, claiming Plaintiff's use of Plaintiff's Marks for Plaintiff's Spirits constituted willful trademark infringement in violation of the Lanham Act, demanding that Plaintiff "immediately cease and desist all use of" Plaintiff's marks in connection with Plaintiff's Spirits, claiming Plaintiff was entitled to injunctive relief and damages under the Lanham Act and threatening that Plaintiff was "prepared to take any and all available actions at law to enforce its trademark rights

in the United States." Defendant also copied on the July 28, 2020 demand letter Impex Beverages, Inc., an importer of Plaintiff's Spirits under Plaintiff's Marks in the United States. A true and correct copy of Defendant's July 28, 2020 demand letter is attached hereto as **Exhibit C**.

39.     On September 21, 2020, counsel for Plaintiff sent to Defendant's counsel a letter in response to Defendant's July 28, 2020 demand letter, disputing and denying Defendant's claims, including of likely confusion, and refusing to comply with Defendant's demands. A true and correct copy of Plaintiff's September 21, 2020 letter is attached hereto as **Exhibit D**.

40.     Defendant also has objected to Plaintiff's use and registration of Plaintiff's Marks for Plaintiff's Spirits since the initial July 28, 2020 letter and has pointed to its CBP trademark recordations, which could block the importation of Plaintiff's Spirits into the U.S.

41.     Most recently, on January 6, 2022, Defendant sent an email to Plaintiff, threatening that Defendant was prepared to "immediately proceed with enforcing our trademark rights against [Plaintiff]."

42.     Defendant's allegations have created significant uncertainty as to Plaintiff's ability to continue to use and to register Plaintiff's Marks without objection from Defendant.

43.     Moreover, Defendant's allegations against Plaintiff have created an actual, substantial, immediate, and real controversy between Plaintiff and Defendant concerning Plaintiff's right to continue to use and to register Plaintiff's Marks and Defendant's rights in its own marks.

44.     A valid and justiciable case or controversy thus has arisen and exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201.

45.     A judicial determination is necessary to determine Defendant's purported trademark rights and the issue of non-infringement, no false designation of origin and no unfair competition under federal and/or state law.

46.     A judgment would serve a useful purpose in settling the legal issues, and a judgment would resolve the controversy and offer relief from uncertainty.

**The Lack of Likely Confusion between the Parties' Respective Marks**

47.     Upon information and belief, the vast differences between the Plaintiff's Trade Dress and Defendant's Trade Dress conclusively shows confusion between the parties' marks and goods is not likely.  Such differences include, without limitation and as shown below: the shapes of the parties' respective bottles; the type of labels used on the parties' respective bottles (full covering for Defendant versus partial covering for Defendant); the colors used on the parties' respective labels; the prominent use by Plaintiff of Plaintiff's Striped Bull Logo; the prominent use by Defendant of a large fan-shaped palm frond with dates at the center bottom of the frond; the different locations on the parties' labels in which their respective marks appear; Plaintiff's use of the mark MILK & HONEY prominently on the front center of its label (and Defendant's lack of the use of that mark on the front of its label); Defendant's use of the mark M&H WHISKEY DISTILLERY prominently on its label (and Defendant's lack of use of that mark or any M&H mark on the front of its label); and Plaintiff's use of diagonal banners on most of its labels.

| Plaintiff's Trade Dress | Defendant's Trade Dress |
| --- | --- |

 

48.     Upon information and belief, the differences between the parties' products, namely, cream liqueur, on the one hand, and gin and whiskey, on the other hand, and the vastly different alcohol by volume content therein, further shows confusion between the parties' marks and goods is not likely.

49.     Upon information and belief, the significant differences between the retail price of the parties' products further show confusion between the parties' marks and goods is not likely.

50.     Upon information and belief, the higher price point of the parties' goods will cause consumers to exercise more case in making their purchasing decisions, further showing confusion between the parties' marks and goods is not likely.

51.     Upon information, consumers of the parties' products tend to be older, wealthier and better educated.  Such a high level of sophistication among the consumer base for the parties' products further shows confusion between the parties' marks and goods is not likely.

52.     Upon information and belief, the parties' products are not "impulse" items in that consumers will take time and care examining the parties' products and marks before making

00001/348/4031870

purchasing decisions, further showing confusion between the parties' marks and goods is not likely.

53.     Plaintiff is unaware of any specific instances of actual confusion between the parties, their products or their marks, despite their co-existence in the marketplace, further showing confusion between the parties' marks and goods is not likely.

54.     Upon information and belief, and as set forth above, Defendant's MILK & HONEY Marks are descriptive and thus conceptually weak, further showing confusion between the parties' marks and goods is not likely.

55.     Upon information and belief, several third parties use marks or names containing or comprising "Milk & Honey" in connection with alcoholic beverages and related goods and services, further weakening the commercial strength of Defendant's Marks and also showing that consumers will exercise care and look to other product attributes and trade dress to distinguish from among various goods when making purchasing decisions, further showing confusion between the parties' marks and goods is not likely.

56.     Plaintiff acted in good faith, adopting Plaintiff's Marks in Israel years before Defendant began using or sought to register Defendant's Marks in connection with Defendant's Cream Liqueur, further showing confusion between the parties' marks and goods is not likely.

57.     Upon information and belief, Defendant's Cream Liqueur and Plaintiff's Spirits are and will be sold in different sections of stores that sell alcoholic beverages and such sections typically will be labeled by the product type, further showing confusion between the parties' marks and goods is not likely.

58.     Upon information and belief, Defendant's Marks are commercially weak, including because Defendant's sales, advertising, marketing, and promotion of Defendant's Cream Liqueur

00001/348/4031870

under Defendant's Marks all have been minimal in scope and time, especially compared to competitors, and because Defendant's Marks have received very little unsolicited attention in the media. The commercial weakness of Defendant's Marks further shows confusion between the parties' marks and goods is not likely.

## FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT FOR NON-INFRINGEMENT, NO FALSE DESIGNATION OF ORIGIN AND NO UNFAIR COMPETITION)

59. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-58 above, with the same force and effect as if set forth herein.

60. A valid and justiciable controversy has arisen and exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 concerning Plaintiff's use and registration of Plaintiff's Marks and the scope and validity of Defendant's Marks.

61. Plaintiff's Marks do not infringe Defendant's Marks pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) because *inter alia* and as set forth above, Defendant's MILK & HONEY Marks are merely descriptive and have not acquired distinctiveness through secondary meaning and Plaintiff's Marks for Plaintiff's Spirits do not cause a likelihood of confusion as to source, sponsorship or affiliation with respect to Defendant's Marks for Defendant's Cream Liqueur.

62. Plaintiff's Marks do not constitute false designation of origin pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) because *inter alia* and as set forth above, Defendant's MILK & HONEY Marks are merely descriptive and have not acquired distinctiveness through secondary meaning and Plaintiff's Marks for Plaintiff's Spirits do not cause a likelihood

00001/348/4031870

of confusion as to source, sponsorship, or affiliation with respect to Defendant's Marks for Defendant's Cream Liqueur.

63.     Plaintiff's Marks do not constitute unfair competition or trademark infringement pursuant to state law because *inter alia* and as set forth above, Defendant's MILK & HONEY Marks are merely descriptive and have not acquired distinctiveness through secondary meaning and Plaintiff's Marks for Plaintiff's Spirits do not cause a likelihood of confusion as to source, sponsorship, or affiliation with respect to Defendant's Marks for Defendant's Cream Liqueur.

64.     Consequently, Plaintiff is entitled to a declaration and judgment that Plaintiff's Marks do not infringe Defendant's Marks, including those marks that are the subject of Defendant's Registrations, and that Plaintiff has not violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) or any state or common trademark infringement or unfair competition law.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(CANCELLATION OF DEFENDANT'S MARKS IN WHOLE OR PART)**

65.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-64 above, with the same force and effect as if set forth herein.

66.     As set forth above, Defendant's MILK & HONEY Marks are merely descriptive and have not acquired distinctiveness through secondary meaning.

67.     As such, the Court should order the USPTO to cancel Defendant's 413 Registration and Defendant's 398 Registration for Defendant's MILK & HONEY Marks pursuant to Sections 14(3) and 2(e) of the Lanham Act, 15 U.S.C. §§ 1064, 1052(e).

68.     Should the Court decide not to cancel Defendant's 413 Registration and Defendant's 398 Registration for Defendant's MILK & HONEY Marks pursuant to Sections 14(3)

and 2(e) of the Lanham Act, 15 U.S.C. §§ 1064, 1052(e), the Court should order the USPTO to partially cancel both registrations by restricting the goods covered by the registrations to "cream liqueur sold only in Massachusetts, Wisconsin, and New Hampshire" in International Class 33 pursuant to Section 18 of the Lanham Act, 15 U.S.C. § 1068.

69.    In any event, pursuant to Sections 14(3) and 2(e) of the Lanham Act, 15 U.S.C. §§ 1064, 1052(e), the Court should order the USPTO to partially cancel Defendant's 644 Registration for the mark M&H by restricting the goods covered by the registration to "cream liqueur sold only in Massachusetts, Wisconsin, and New Hampshire" in International Class 33 pursuant to Section 18 of the Lanham Act, 15 U.S.C. § 1068.

70.    The foregoing restrictions would reflect the Defendant's actual use of Defendant's Marks and the limited scope of Defendant's rights with respect to the marks.  It would also help clarify the significant differences between the parties' respective goods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands:

(a)    A declaration and judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Plaintiff's Marks do not infringe Defendant's Marks, and that Plaintiff has not violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) or any trademark infringement or unfair competition state law;

(b)    An order directing the USPTO to cancel Defendant's U.S. Trademark Registrations No. 5200413 and No. 6182398 pursuant to Section 14(3) and 2(e) of the Lanham Act, 15 U.S.C. §§ 1064(3), 1052(e), or, in the alternative, an order directing the

-22-

USPTO to partially cancel Defendant's U.S. Trademark Registrations No. 5200413 and No. 6182398 pursuant Section 18 of the Lanham Act, 15 U.S.C. § 1068;

(c)     An order directing the USPTO to partially cancel Defendant's U.S. Trademark Registration No. 5229644 pursuant Section 18 of the Lanham Act, 15 U.S.C. § 1068;

(d)     An order granting Plaintiff its reasonable attorneys' fees and costs incurred in connection with this matter; and

(e)     Such other, further, additional relief as the Court deems equitable and proper.

## **JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues triable as of right by jury in this case.

Dated: New York, New York
      March 30, 2022

Respectfully submitted,
COWAN, LIEBOWITZ & LATMAN, P.C.

By:    s/ Eric J. Shimanoff        
        Eric J. Shimanoff (ejs@cll.com)
        Joel Karni Schmidt (jks@cll.com) (*pro hac vice* application forthcoming)
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200

*Attorneys for Plaintiff Milk & Honey Distillery Ltd.*

00001/348/4031870